LUMPKIN, et al. *v.* BIRDSONG.

Division B. Nov. 26, 1951.

No. 38116 (55 So. (2d) 230)

Heidelberg & Roberts, for appellants.

**Jas. T. Kendall,** Assistant Attorney General, for appellee.

**Alexander, J.**

This appeal involves the liability of the appellant, Lumpkin, for the payment of a license as an operator of a private commercial carrier. This appellant is employed by the New Orleans & Northeastern Railroad Company as an operator or driver of one of its motor trucks in the transportation of other employees and tools to and from their work.

The statute involved is Chapter 474, Section 2(22) of the Laws of 1950, which is as follows: "Private commercial carrier of property by motor vehicle. Any person not included in the terms 'common carrier by motor vehicle' or 'contract carrier by motor vehicle' who or which transports in interstate or intrastate commerce on the public highways of this state by motor vehicle, property of which such person is the owner, lessee or bailee, other than for hire, when such transportation is for the purpose of sale, lease, rent or bailment, or in furtherance of any commercial enterprise, or who otherwise uses or employs any motor vehicle other than

a vehicle designed, constructed, and used exclusively for the carriage of passengers in the furtherance of any commercial enterprise. * * *''

This section amends Chapter 266, Laws of 1946, by adding the last-quoted clause. █ It is clear that the appellants are, in respect to the use of the truck, a private commercial carrier by motor vehicle and that it is used in the furtherance of the commercial enterprise of railroading.

Liability for the driver's license is imposed by Chapter 408, Section 1, Laws 1950, which amends Code 1942, Section 8102. Such Act provides as follows: ''Every operator of a vehicle operated as a common carrier by motor vehicle, taxicab, passenger coach, or private commercial carrier, as such terms are defined in chapter 266, laws of 1946, as now and hereafter amended, shall, in lieu of the regular driver's license above provided for, apply for and obtain a commercial driver's license, the fee for which shall be five dollars ($5.00) for each two years. * * *''

If answer were required to the argument of appellants that the statute is merely an opening wedge to the imposition of the license upon any of the employees who may happen, on occasion, to drive the truck, it could be found in the latter part of the statute last quoted, which is to the following effect: ''Only persons who are employed to operate the vehicles mentioned above as their principal duties shall be required to obtain a commercial operator's license above referred to, and persons operating such vehicle for private purposes and only incidentally as a part of their regular business shall not be required to obtain such licenses.''

The action was begun by bill for injunction against appellee, who, as Commissioner of Public Safety, had exacted the payment made under protest. A temporary injunction was dissolved upon motion, and the bill dismissed, and this appeal seeks review of such decree.

■■■ ■ The liability applies uniformly to all persons regularly so engaged as operators of private commercial carriers, and the attack upon the constitutionality of the statute is found lacking in merit.

We are of the opinion that the decree was proper, and that the operator, Lumpkin, is liable for the license.

Affirmed.

**Hall, J.,** took no part in the decision of this case.